UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



| | |
|---|---|
| JAY BANKS | CIVIL ACTION NO.: |
|     PLAINTIFF | |
| VERSUS | SECTION "L"  08-1608 |
| ALLSTATE INSURANCE COMPANY | JUDGE: |
|     DEFENDANT | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  SECT. L  MAG. 4

### AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

   NOW INTO COURT, through undersigned counsel come the plaintiff, Jay Banks, a major resident and domiciliary of Orleans Parish who desires to amend her original petition in accordance with the attached order ( see exhibit 1) from this court:

1.

Made defendant herein is:

Allstate Insurance Company, herein after referred to as (Allstate), a foreign insurer licensed to and doing business in the State of Louisiana.

2.

The plaintiff owned immovable property at 3306 Robert Street , New Orleans, LA 70115.

```
___Fee_____
___Process_____
 X_Dktd_____
___CtRmDep____
___Doc. No.____
```

3.

At all relevant time herein, the defendant, Allstate, provided homeowners insurance coverage for the identified properties including fire and wind peril. That at all times material hereto, defendant had issued to Petitioners homeowners policy or policies providing wind, fire and other coverage's for the above described properties which policy or policies were in full force and effect as of Hurricanes Katrina and/or Rita, all terms and conditions of said policy or policies are pleaded in extenso as though copied herein.

4.

Hurricanes Katrina and Rita severely damaged the covered properties as a result of wind and rain damage, prior to any flooding in the area. The perils severely damaged, destroyed or otherwise rendered the above described properties uninhabitable. Plaintiff does not believe that his damages will exceed $70,000.00 exclusive of interest and court costs.

5.

The hurricane damage to the covered properties resulted from a covered peril.

6.

The damage to Petitioners' properties caused by wind and rain was sustained prior to any flooding of the area. The wind damage to Petitioner's property includes the following:

a) A large portion of the roof was badly damaged;

b) Some of the felt and sheathing on the roofs were badly damaged and /or blown away;

c) Some turbine roof vents were blown away;

d) Several windows were blown out; and

e) Numerous storm-related penetrations through the structure's otherwise waterproof "skin" allowed wind-driven rain to saturate the insulation, drywall, and paint finishes of the interior of the dwelling, together with its contents.

7.

In its policy to Petitioner, Allstate agreed to pay for direct physical loss of, or damage to Petitioners' insured properties resulting from a covered loss such as windstorm, as well as damage to personal properties and /contents, additional expenses and loss of use, as well as various other overages as set forth in the policy.

8.

Allstate placed a valuation upon Petitioner's property covered by the policy including the dwelling, and other structures and contents. Allstate used such valuation for property for the purpose for determining the premium charged for the policies.

9.

Neither the policies issued to Petitioners by Allstate nor the application therefor set forth a clear and unambiguous different method of computing the value of said loss other than to use the valuation placed upon the properties by Allstate in order to determine the premium.

10.

There is no criminal fault on the part of the insured's (Petitioners), or the assigns of the insured's in the case of this covered loss.

11.

The policies issued by Allstate to Petitioners were issued or renewed after January 1, 1992.

12.

The policies issued by Allstate to Petitioners are not blanket-form policies or a Builder's risk policy of insurance.

13.

Allstate is liable for the amount of Petitioners' loss, valued per La. R.S. 22:695.

14.

Petitioner or their assigns have submitted proof of loss to Allstate. Allstate has received Petitioners' proof of loss. Allstate has not asked Petitioners for additional proof of loss.

15.

More than thirty (30) days have elapsed since Allstate or its agent has received Petitioners' satisfactory proof of loss on their claim.

16.

In the event of a catastrophic loss, LSA-R.S. 22:658 A(3) requires an insurer to initiate loss adjustment within 30 days after notification of the loss by the claimant. This statute also provides that failure to comply with his provision shall subject the insurer to penalties set forth in LSA-R.S. 22:1220. Upon information and belief, Allstate did not initiate loss adjustment within thirty days of notification of the loss by the Petitioners so it is subject to the penalties set forth in LSA-R.S. 22:1220.

17.

LSA-R.S. 22:658 A(4) requires an insurer to make a written offer to settle within thirty (30) days of receipt of satisfactory proof of loss. Allstate did not make a written offer to settle within thirty days of receipt of satisfactory proof of loss from Petitioners and therefore breached this obligation. Such breach was arbitrary, capricious, and/or without probable cause, so Allstate is therefore subject to penalties as set forth in this statute.

18.

LSA-R.S. 22:658(B) provides that the failure to make a payment within 30 days of receipt of satisfactory proof of loss or failure to make a written offer to settle a property damage claim within 30 days after receipt of satisfactory proof of loss, when found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty in additional to the amount of loss 25% of amount due or $1,000 or in the event of a partial payment or tender has been made, twenty-five (25%) percent of the difference between the amount paid or tendered and the amount found to be due. Allstate did not make a payment or make a written offer to settle within thirty days of

receipt of or satisfactory proof of loss from Petitioners. Such failure was arbitrary, capricious, and/or without probable cause, so it is liable for a penalty of 25% of the amount due. Petitioners aver that any breach of this statute subsequent to August 15, 2006 will entitle it to penalties of 50%, not 25% of the amount due.

19.

LSA-R.S. 22:1220 provides that an insurer owes to his insured a duty of good faith and fair dealing and that an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured. Allstate did not exercise good faith and fair dealing with the insured in the subject litigation. Likewise, it did not adjust the claim fairly and promptly and make a reasonable effort to settle claims with the insured, so it is liable for the damages sustained as a result of the breach.

20.

LSA-R.S. 22:1220 B(5) provides that the failure to pay the amount of any claim due any insured within sixty days after receipt of satisfactory proof of loss, when such failure is arbitrary, capricious, or without probable cause, if knowingly committed or performed, is a breach of the duty imposed in LSA-R.S. 1220(A). Allstate breached its duty to Petitioners because it did not pay the claim within sixty days after receipt of satisfactory proof of loss, and such act was knowingly performed or committed, and such failure was arbitrary, capricious, and/or without probable cause.

21.

LSA-R.S. 22:1220 provides that in addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or $5000 (Five Thousand Dollars,) whichever is greater. Because Allstate breached its duties imposed by statue, Petitioners should be award penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

22.

To the extent that any provision in the polices require action that was or is impossible or impractical due the conditions in post-Katrina New Orleans, such provisions are in contravention of public policy. The failure to comply, in full or in part, when such actions was or is impossible or impractical due to the conditions in post-Katrina New Orleans, should be excused.

23.

Any requirement in the insurance policy that the insured commence to repair or rebuild within 180 days of the loss in order to recover depreciation is impractical, if not impossible, in post-Katrina New Orleans. As such, this requirement should be stricken from the policy. Alternatively, Petitioners affirmatively plead the doctrine of *contra non valentem* as a bar to their performance and their lack of compliance, if any, should be excused.

24.

Petitioners have fully and/or materially complied with all requirements of the policy of insurance. Any purported non-compliance with any policy provisions is an immaterial non-compliance.

25.

As a result of the actions and inactions by the defendant, the plaintiffs have suffered the following non-exclusive damages:

**Additional Living Expenses**

**Loss of Use**

**Property Damage**

**Inconvenience**

**Damage to Contents**

**Other Structures**

## Wherefore Plaintiff Prays:

1. That the defendant be cited and served with a copy of this petition;
2. That after due proceedings had, there be judgment in favor to the plaintiff and against the defendant;
3. That the defendant be cast with all costs of these proceedings including an award of attorney fees to be fixed by this court;

4. That the plaintiff be awarded punitive and treble damages;

5. Costs for repairs and replacement of property;

6. Recovery of depreciation and additional expenses;

7. Litigation expenses and penalties;

8. Further praying for both general and equitable relief available

Respectfully submitted;

_____
Harry E. Cantrell, Jr#03852
309 Baronne Street, Suite 300
New Orleans, LA 70112
(504) 585-7347


Please Serve the Defendant
Allstate Insurance Company

Through its attorney of Record
Ms Melissa Theriot
Laborde and Neuner
One Petroleum Center, 200
Post Office Drawer 52828
1001 West Pinhook Road
Lafayette, LA 70505-2828


## CERTIFICATE OF SERVICE

I hereby certify under the above signature that a copy of this document has been mailed to all counsel of record properly addressed with sufficient postage attached thereto on this 10th day of April, 2008.